Curia, per

Evans, J.
All the authorities agree, that an alien can take by purchase, but not by descent. By the deed or will, the estate is transferred from the former owner and his heirs to the alien, and he can hold against all the world until his title is divested by escheat. (Grove vs. Gordan, 3 Brev. 245; Ennas vs. Franklin, 2 Brev. 398; Vaux vs. Nesbit, 1 McCord’s C. R. 352; Fairfax vs. Hunter, 7 Cra. 603; 1 Mass. R. 256, and 12 Johns. 146.) But, if he were out of possession, it would seem, he can maintain no action to recover it. This results from his incapacity to maintain any real or mixed .action, and not from any incapacity to hold the land until the State shall see fit to determine his title by the process of escheat. There seems to me, therefore, to have been no legal disability in the devisees of James Huston to take this land, directly as an executed use, under the Statute of Uses, if, by the construction of the will, the devise was executed by the statute. The general rule, as stated in the elementary books, and to be collected from decided cases, is, that the statute executes the use in all cases where there is no act to be done, or discretion to be exercised by the trustee, which he cannot do or exercise, if the estate be another’s. As in the case of Sylvester vs. Wilson, 2 Term R. 444, where the devise, was to trustees, that they should yearly and every year take, and receive the rents, and that such rents and yearly profits should be applied to the sustenance and maintainance of the cestui que trust for life. Here, the object of the trust was to provide for the annual sustenance and maintainanceof the cestui que trust, and to enable the trustee to do this, it was necessary the estate should remain in him, that he. might annually and every year receive the rents and pro-, fits. So also, in trusts for the use of a married woman, or to preserve contingent remainders, the very end and design of the trust would be defeated if the statute executed it.
The words in the will of James Huston are “ to hold, to the use and benefit, and to apply the rents, issues and profits to and for each,” &c. The words “ to hold for the use *366 and benefit,” would be clearly an executed trust, and all the difficulty arises from the use of the word “ apply.” In the case of Carwardine vs. Carwardine, 1 Eden R. 33, the devise was, that the trustees should receive the rents and profits to the use of A. This estate was held to be executed, although the word, “ receive” would seem, necessarily, to import that some act was to be done by the trustee. In Leicester vs. Leicester, 2 Taun. 109, the trust was, to pay or to permit and suffer. These latter words were held to convey an executed trust, although it seemed to have been admitted, that the word “ pay” should receive a contrary construction. And yet, to suffer or permit, implies some act or volition, (it may be of a mere passive character) to be performed by the trustees, as well as the words, “ pay the rents,” and in this case, the chief Justice expressed his surprise that a different construction should be given to. them. I have quoted these cases to shew, that it is not sufficient to prevent the estate from being executed, that there may be something for the trustee to do. I would rather think the rule may be laid down, that the trust will be executed, unless the object of creating it would be defeated, as in the cases of trusts for married women, and to preserve contingent remainders, or where the trustee has some discretion to be exercised in relation to the estate or the manner of applying the proceeds. Or, as was said by Chancellor Harper, in Posey vs. Cook, 1 Hill, 414, there must be some object to be effected by the estate’s remaining in the trustees. In this case, no discretion is to be exercised by the trustees; no control over the expenditure is given to them ; all they have to do is to apply the rents, by giving to each one his equal share ; when received, each of the legatees has an absolute control over his part, and I do not perceive any reason why, in this case, the estate should remain in the trustees, which would not equally apply if the words had been to “ receive the rents and profits for the use,” or to “ permit and suffer the cestui que use to receive the rents” ; and yet, in both these cases, the estate was decided to be executed. We are, therefore, of opinion, that the estate devised by the will of James Huston, was executed in the devisees.
It remains only that I should enquire whether the estate *367 of ‘the plaintiff has been divested by the decree in equity, and the sale made under the Ji. fa. The devisees were not served with process ; they are not even named individually in the bill, and were, therefore, no parties to that proceeding. The general rule is, that none but parties and privies to a suit are bound by it. Alexander England was the executor of Huston, but he was not the executor of Henry Jenney, for whose debt the estate was sold. Since the Statute 5 George 2, the executor, as to the payment of debts, represents both the real and personal estate, and a sale of real estate, made under a fi. fa. against him, would be good. It was on this principle the case of Latta vs. Martin, 4 McCord, 128, and the other case cited by the defendant’s counsel, were decided. If the decree had been against England, as executor, for a debt due by Huston, his testator, the plaintiffs would have been bound, because in that matter the executor represented them. The object of the bill was to charge the other legatees of Huston for the debt of Henry Jenney, on the ground, they were bound in equity for the payment, and the Chancellor, no doubt, supposed the proper parties were before the court. But it seems from the evidence, that England was the only party, and the rights of the plaintiffs are in no way affected by the decree. They remain as they were before the sale.— The title of England alone was sold. The plaintiff, Robert Jenney, is now a naturalized citizen, and is under no impediment to sue. The other plaintiffs are natural-born citizens. No question has been made requiring us to decide, whether Robert Jenney is entitled to the whole land, as survivor, or jointly with the other plaintiffs.
The motions are dismissed.
Richardson, O’Neall, Butler and Wardlaw, JJ., concurred.